DICKSON, Justice,
concurring.
I agree with the Court’s decision today, rejecting the claim that a defendant, by entering into a plea agreement providing that the length of sentence is limited to a maximum cap or sentencing range, has waived or automatically acquiesced in the reasonableness of a sentencing that complies with the plea agreement. Such a plea agreement is not an absolute barrier to this Court’s exercise of its authority granted by Article 7, Section 4 of the Indiana Constitution to “review and revise the sentence imposed,” nor does it necessarily preclude a claim for appellate sentence review under Indiana Appellate Rule 7(B).
I write separately, however, to emphasize my view that our decision today does not hold that a defendant’s acceptance of a plea agreement is wholly without significance or that it must be altogether disregarded. A defendant’s conscious choice to enter a plea agreement that limits the trial court’s discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness. In my view, today’s opinion permits courts considering future claims for appellate sentence review following such plea agreements to grant relief only in the most rare, exceptional cases.